## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| Don Little, <br><br>         Plaintiff, <br><br> v. <br><br> Academy Collection Services, Inc., and Mr. James, and John Doe, <br><br>         Defendants. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.  Plaintiff Don Little is a natural person who resides in the City of Burnsville, County of Dakota, State of Minnesota, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5.   Defendant Academy Collection Services, Inc. (hereinafter "Defendant ACS") is a foreign corporation and a collection agency operating from an address of 10965 Decatur Rd, Philadelphia, Pennsylvania 19154 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Defendant Mr. James (hereinafter "Defendant James") is a natural person employed by Defendant Academy Collection Services, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is not yet known.

7.   Defendant John Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant Academy Collection Services, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is not yet known.

## FACTUAL ALLEGATIONS

8.   Sometime in or around 2007-2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a US Bank N.A. line of credit in the

approximate amount of $2,800.00, which was used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

9.    Sometime thereafter, Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Initial Collection Call*

10.    On or about February 19, 2009, Defendant James called Plaintiff's home in an effort to collect this debt, which was a communication in an effort to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.    During the course of this call, Defendant James demanded that Plaintiff accept a settlement offer on this debt.

12.    Plaintiff told Defendant James that he had to think the offer over and would get back to Defendant James in about a week.

13.    Defendant James then became belligerent and told Plaintiff that he had to give him an "instant" answer.

14.    Plaintiff then reiterated his position and told Defendant James that he had nothing further to discuss with him.

15.    Thereafter, Plaintiff ended the call.

16.    The above-described collection call made by Defendant James on this occasion was a harassing, oppressive, and abusive communication in an attempt to collect a consumer debt which violated numerous and multiple

provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692, 1692c(a)(1), 1692d, 1692d(2), 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

### *Defendant Doe Calls Plaintiff Again and Again*

17.    Approximately 14 minutes later, Defendant Doe called Plaintiffs' home in an effort to collect this debt, which was a communication in an effort to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18.    During the course of this call, Defendant Doe told Plaintiff that he was calling to discuss the agreement Plaintiff had reached with Defendant James.

19.    Plaintiff stated flatly that he had not agreed to anything with Defendants and that there was nothing further to discuss and then hung up the phone again.

20.    Defendant Doe then called Plaintiff back a third time in less than 20 minutes and demanded that he pay this debt.

21.    Plaintiff informed Defendants that they had now called him repeatedly and hung up the phone.

22.    The above-described collection calls made by Defendant Doe on these occasions were harassing, oppressive, and abusive communications in an attempt to collect a consumer debt which violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692,

1692c(a)(1), 1692d, 1692d(2), 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

### *Defendant ACS Previously Penalized $2.25 Million by FTC*

### *Based Upon a Pattern and Practice of Consumer Collection Abuse*

23. On November 21, 2008, Defendant ACS and its owner, Mr. Keith Dickstein, agreed to pay $2.25 million to settle Federal Trade Commission charges that Defendant ACS and its collectors misled, threatened, and harassed consumers; and disclosed their debts to third parties in violation of federal law. This is the largest civil penalty the FTC has ever obtained against a debt collector. *See* http://www.ftc.gov/opa/2008/11/academy.shtm.

### *Summary*

24. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

25. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiff.

### *Respondeat Superior Liability*

26.   All at times relevant herein, the individual Defendants were acting within the scope and course of their employment in collecting debts from Plaintiff on behalf of their employer, Defendant ACS.

27.   The acts and omissions of these individual Defendants and the others employed as agents by Defendant ACS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant ACS.

28.   The acts and omissions by these individual Defendants were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant ACS in collecting consumer debts.

29.   By committing these acts and omissions against Plaintiff, these individual Defendants were motivated to benefit their principal, Defendant ACS.

30.   Defendant ACS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendants and any others who participated in collecting this debt from Plaintiff, including but not limited to their violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

31.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

32.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.   The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**<ins>PRAYER FOR RELIEF</ins>**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 7, 2009        **BARRY & SLADE, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-8800
pbarry@lawpoint.com

pfb/ra        **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

Plaintiff Don Little having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Don Little

Subscribed and sworn to before me
this 7th day of January, 2010.

_____
Notary Public

PETER FRANCIS BARRY
Notary Public-Minnesota
My Commission Expires Jan 31, 2010